UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 1 WELFARE FUND, VACATION & HOLIDAY FUND, TRADE EDUCATION FUND, and 401(K) SAVINGS PLAN,<br><br>Plaintiffs,<br><br>-against-<br><br>PARAMOUNT PLUMBING COMPANY, INC. and RALPH DEMARTINO, JR., in his individual capacity,<br><br>Defendants. | 20 CV _____<br><br>**COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

### NATURE OF THE ACTION

1. This is a civil action pursuant to, *inter alia*, sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, and section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, to enforce an employer's contractual and statutory obligations to make specified monetary contributions to a group of employee benefit plans, for breach of an individual's fiduciary duties under ERISA, and for related relief.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367 and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185 and 1132(e)(2).

## THE PARTIES

4.      Plaintiffs Trustees of the Plumbers Local Union No. 1 Welfare Fund, Vacation & Holiday Fund, Trade Education Fund, and 401(k) Savings Plan (collectively, the "Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with section 302(c) of the LMRA, 29 U.S.C. § 186(c).  The Funds are employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3).  The Funds maintain their principal place of business at 50 – 02 Fifth Street, Long Island City, New York 11101.

5.      Plaintiff Plumbers Local Union No. 1 Welfare Fund (the "Welfare Fund") is the designated Collection Agent for Local Union No. 1 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada (the "Union") and the Plumbing Industry Promotion Fund of New York City.  The Union is, and at all relevant times was, a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185.  The Union represents, and all relevant times represented, employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. § 142.

6.      Defendant Paramount Plumbing Company, Inc. ("Paramount") was and is a for-profit corporation organized and established under the laws of the State of New York that conducted business in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of section 301 of the LMRA, 29 U.S.C. § 185.  Upon information and belief, Paramount maintains a principal place of business at 315 Jackson Avenue, Bronx, New York 10454.

7. Defendant Ralph DeMartino, Jr. ("DeMartino," together with Paramount, "Defendants") is the principal of Paramount. Upon information and belief, DeMartino resides at 1120 Wilcox Avenue, Bronx, New York 10454.

## BACKGROUND

**The Collective Bargaining Agreement**

8. At all relevant times, Paramount was a party to, and/or manifested its intention to be bound by, a collective bargaining agreement, project labor agreement and/or participation agreement with the Union (the "CBA").

9. The CBA requires Paramount to make specified hourly contributions to the Funds in connection with all plumbing work and other specified work performed on behalf of Paramount within the five boroughs of the City of New York ("Covered Work").

10. The CBA also requires Paramount to remit other specified amounts, including union dues withheld from its employees' pay in connection with Covered Work, to the Welfare Fund, as collection agent for the Union and other specified entities.

11. The CBA further requires Paramount to furnish its books and payroll records when requested by the Funds for the purposes of conducting an audit to ensure compliance with its obligations to make benefit fund contributions.

12. The CBA provides, *inter alia*, "[t]he Employer agrees to be bound by the provisions of the Trust Agreements pertaining to the . . . Plumbers Local Union No. 1 Welfare, Plumbers Local Union No. 1 vacation-Holiday, Plumbers Local Union No. 1 Supplemental Benefits, Plumbers Local Union No. 1 Trade Education, Plumbers Local Union No. 1 401(k) Savings Plan [Funds]" (the "Trust Agreements").

13. The Trust Agreements permit the Funds to establish policies, rules and procedures for the purpose of collecting unpaid contributions to the Funds. Pursuant thereto, the Funds

adopted Policies for the Collection of Delinquent Fringe Benefit Contributions ("Collection Policies").

14. The CBA and the Collection Policies adopted thereunder require Paramount to submit monthly remittance reports to the Funds detailing the number of hours of Covered Work performed by its employees.

15. Per the CBA and the Funds' Collection Policy, employers are required to submit contributions and the supporting remittance reports by the twentieth (20th) day following the end of each calendar month.

16. Similarly, per the 401(k) Savings Plan Collection Policy, employers are required to remit 401(k) Salary Deferrals and the supporting remittance report within seven (7) business days after the end of the payroll period from which the amounts were deducted from the wages of the employee.

17. Under the documents and instruments governing the Funds, including their trust agreements and collection policies promulgated in accordance therewith, employers whose contributions are delinquent are liable for the amount of delinquent contributions, interest thereon at an annual rate of ten percent (10%), liquidated damages of twenty percent (20%) of the principal amount due, and attorneys' fees, audit fees, and other collection costs.

18. Under the documents and instruments governing the 401(k) Savings Plan, including their trust agreement and collection policy promulgated in accordance therewith, employers whose deferrals are delinquent are liable for the amount of the delinquency, plus interest at the rate of ten percent (10%) per annum, liquidated damages of twenty percent (20%) of the delinquency, and the greater of (a) lost earnings; or (b) restoration of profits, as defined by the Voluntary Fiduciary Correction Program ("VFCP") of the U.S. Department of Labor ("DOL"), 65 Fed. Reg. 14164 (March 15, 2000), which in no event shall be less than the underpayment rate defined in I.R.C.

section 6621(a)(2), and which shall be determined by application of the DOL VFCP Online Calculator, and attorneys' fees and costs.

**Delinquent Contributions**

19.     Based on remittance reports submitted by Paramount to the Funds, Paramount failed to remit contributions of $162,607.93 to the Funds for Covered Work performed during the period February 2018.

20.     Similarly, based on remittance reports submitted by Paramount to the Funds, Paramount underpaid or shorted contributions in the amount of at least $44,110.31 to the Funds for Covered Work performed during the period March 2018 through August 2018.

21.     Specifically, Paramount underpaid or shorted the Funds contributions of at least: (a) $11,869.73 for the period March 2018, (b) $2,110.07 for the period April 2018, (c) $12,193.52 for the period May 2018, (d) $3,568.35 for the period June 2018, (e) $4,432.82 for the period July 2018, and (f) $9,935.82 for the period August 2018.

22.     Therefore, Paramount owes the Funds contributions of at least $206,718.24 for Covered Work performed for the period February 2018 through August 2018.

23.     Pursuant to the CBA, the documents and instruments governing the Funds and sections 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, and section 301 of the LMRA, 29 U.S.C. § 185, Paramount is liable to the Funds for: (1)(a) contributions of $162,607.93 for the period February 2018, (b) contributions of at least $44,110.31 for the period March through August 2018, (c) interest at an annual rate of ten percent (10%), and (d) liquidated damages in the amount of twenty percent (20%) of the amount of delinquent contributions; (2) any additional delinquent benefit contributions, interest, and liquidated damages determined to be due according

to the CBA as of the date judgment is entered and thereafter; and (3) all reasonable attorneys' fees, audit fees, costs and expenses incurred by the Plaintiffs.

## FIRST CLAIM FOR RELIEF
### *(Against Paramount for Unpaid Contributions Under 29 U.S.C. § 1145)*

24. Plaintiffs repeat the allegations set forth in all preceding paragraphs of this Complaint and incorporate them herein by reference.

25. Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

26. The CBA requires that Paramount make contributions to the Funds for all Covered Work it performs within the trade and geographical jurisdiction of the Union.

27. Based on remittance reports submitted to the Funds by Paramount, Paramount owes the Funds: (1)(a) unpaid contributions of $162,607.93 for the period February 2018 and (b) contribution shortages of at least $44,110.31 for the period March through August 2018.

28. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that, upon a finding that an employer violated section 515 of ERISA, 29 U.S.C. § 1145, the plan is entitled to judgment for the amount of delinquent contributions plus interest and liquidated damages at rates prescribed by the documents and instruments governing the plan, and the reasonable attorneys' fees and costs incurred by the plan in prosecuting the action.

29. By its failure to make the foregoing contributions, Paramount contravened the CBA, the documents and instruments governing the Funds, and section 515 of ERISA, 29 U.S.C. § 1145.

30. Accordingly, pursuant to the CBA, and ERISA sections 502(a)(3), 502(g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2), and 29 U.S.C. § 1145, Paramount is liable to the Funds for: (1)(a) contributions of $162,607.93 for the period February 2018, (b) contributions of at least $44,110.31 for the period March through August 2018, (c) interest at an annual rate of ten percent (10%), and (d) liquidated damages in the amount of twenty percent (20%) of the amount of delinquent contributions; (2) any additional delinquent benefit contributions, interest, and liquidated damages determined to be due according to the CBA that are unpaid as of the date judgment is entered and thereafter; and (3) all reasonable attorneys' fees, audit fees, costs and expenses incurred by the Plaintiffs.

## SECOND CLAIM FOR RELIEF
*(Against Paramount for Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185)*

31. Plaintiffs repeat the allegations set forth in all preceding paragraphs of this Complaint and incorporate them herein by reference.

32. The Funds are third-party beneficiaries of the CBA.

33. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes this Court to provide redress for violation of collective bargaining agreements.

34. Paramount violated the terms of the CBA when it failed to make all contributions due and owing for Covered Work for the periods February through August 2018.

35. As a result of Paramount's violations, Plaintiffs are entitled to damages and other relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

## THIRD CLAIM FOR RELIEF
*(Against DeMartino for Breach of Fiduciary Duty Under 29 U.S.C. §§ 1104, 1106, 1109)*

36. Plaintiffs repeat the allegations set forth in all preceding paragraphs of this Complaint and incorporate them herein by reference.

37. The Trust Agreements of the Funds provide that the Funds' assets include not only money that employers have actually contributed to the Funds, but also delinquent amounts that employers were required to contribute to the Funds pursuant to the CBA.

38. Section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i), provides that a person is a fiduciary of an employee benefit plan to the extent he or she exercises any discretionary authority or discretionary control respecting the management or disposition of its assets.

39. At all relevant times, DeMartino was the principal of Paramount, and exercised operational control of Paramount, including discretionary authority and discretionary control of bank accounts and other assets in the possession of Paramount.

40. At all relevant times, DiMartino was directly responsible for the failure of Paramount to pay benefit contributions to the Funds.

41. DeMartino was responsible for deciding whether to use assets in the possession of Paramount to pay contributions to the Funds. DeMartino decided not to use such assets to pay contributions to the Funds.

42. DeMartino exercised control and/or discretionary authority over of the disposition of the Funds' plan assets by causing Paramount to fail to make contributions to the Funds in accordance with the CBA. At all times when Paramount owed contributions to the Funds, DeMartino caused Paramount to use assets in its possession for purposes other than making contributions to the Funds.

43. Accordingly, at all relevant times, DeMartino was a fiduciary of the Funds within the meaning of section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i).

44. At all relevant times, DeMartino was a party in interest with respect to the Funds, within the meaning of section 3(14)(A), (C), (E), (F), and/or (H) of ERISA, 29 U.S.C. § 1002(14)(A), (C), (E), (F), and/or (H).

45. At all relevant times, Paramount was a party in interest with respect to the Funds, within the meaning of section 3(14)(C) and/or (G) of ERISA, 29 U.S.C. § 1002(14)(C) and (G).

46. By the foregoing acts and omissions, DeMartino failed to discharge his duties with respect to the Funds solely in the interest of the participants and beneficiaries of the Funds and for the exclusive purpose of providing benefits to the Funds' participants and their beneficiaries and defraying reasonable expenses of administering the Funds, in violation of section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A).

47. By the foregoing acts and omissions, DeMartino failed to discharge his duties with respect to the Funds with care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity would use in the conduct of an enterprise of like character and with like aims, in violation of section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B).

48. By the foregoing acts and omissions, DeMartino caused assets of the Funds to be used by or for the benefit of a party in interest, in violation of section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D).

49. By the foregoing acts and omissions, DeMartino caused the Funds to suffer substantial monetary losses.

50. Under section 409(a) of ERISA, 29 U.S.C. § 1109(a), DeMartino is personally liable to the Funds for all such losses, plus all profits DeMartino has made and/or all earnings the Funds have lost as a result of such acts and omissions.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

1. Render judgment in favor of Plaintiffs against Defendants Paramount and DeMartino, jointly and severally, for (a) delinquent contributions of $162,607.93 for the period February 2018, (b) contribution shortages of $44,110.31 for the period March through August

2018, (c) all other contributions determined to be delinquent as of the date judgment is entered, and (d) interest on all of the foregoing contributions at an annual rate of ten percent (10%);

      2.      Render judgment in favor of Plaintiffs against Defendant Paramount for liquidated damages in the amount of twenty percent (20%) of the amount of delinquent contributions;

      3.      Render judgment in favor of Plaintiffs against Defendant DeMartino for all profits he has made and/or all earnings the Funds have lost as a result of the foregoing acts and omissions;

      4.      Award Plaintiffs all reasonable attorneys' fees, audit fees, costs and expenses incurred by the Plaintiffs in prosecuting this action; and

      5.      Award Plaintiffs such other and further relief as the Court deems just and proper.

Dated: New York, New York  
       April 16, 2020

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By:       /s/        
Charles R. Virginia, Esq.  
Adrianna R. Grancio, Esq.  
40 Broad Street, 7th Floor  
New York, NY 10004  
(212) 943-9080  
agrancio@vandallp.com  
*Attorneys for Plaintiffs*